IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| FELICIA NEWTON O.B.O.<br>RICHARD NEWTON (DECEASED), | )<br>) | |
| Plaintiff, | )<br>) | |
| v. | )<br>) | No. 6:17-CV-03283-DGK-SSA |
| NANCY A. BERRYHILL,<br>Acting Commissioner of Social Security, | )<br>)<br>) | |
| Defendant. | )<br>) | |

## **ORDER AFFIRMING THE COMMISSIONER'S DECISION**

Plaintiff Richard Newton ("Plaintiff") petitions for review of an adverse decision by Defendant, the Acting Commissioner of Social Security ("Commissioner"). Plaintiff applied for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401-434 and 1381, *et seq*. The Administrative Law Judge ("ALJ") found that Plaintiff retained the residual functional capacity ("RFC") to perform other work available in the national economy as an addresser and a final assembler. R. at 32.

After carefully reviewing the record and the parties' arguments, the Court finds the ALJ's decision is supported by substantial evidence. The Commissioner's decision is AFFIRMED.

**Procedural and Factual Background**

The complete facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary.

Plaintiff filed his application on July 22, 2014. The Commissioner denied the application at the initial claim level, and Plaintiff appealed the denial to an ALJ. A few months later, Plaintiff passed away from pulmonary failure due to an accidental drug overdose. The ALJ held a hearing

on March 15, 2016, where Plaintiff's wife testified. On May 24, 2016, the ALJ found Plaintiff was not disabled. The Appeals Council denied Plaintiff's request for a review on July 7, 2017. Plaintiff has exhausted all administrative remedies and judicial review is now appropriate under 42 U.S.C. § 405(g).

**Standard of Review**

A federal court's review of the Commissioner's decision to deny disability benefits is limited to determining whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Andrews v. Colvin*, 791 F.3d 923, 928 (8th Cir. 2015). Substantial evidence is less than a preponderance, but enough evidence that a reasonable mind would find it sufficient to support the Commissioner's decision. *Id.* In making this assessment, the court considers evidence that detracts from the Commissioner's decision, as well as evidence that supports it. *Id.* The court must "defer heavily" to the Commissioner's findings and conclusions. *Wright v. Colvin*, 789 F.3d 847, 852 (8th Cir. 2015). The court may reverse the Commissioner's decision only if it falls outside of the available zone of choice, and a decision is not outside this zone simply because the evidence also points to an alternate outcome. *Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011).

**Discussion**

The Commissioner follows a five-step sequential evaluation process[1] to determine whether a claimant is disabled, that is, unable to engage in any substantial gainful activity by reason of a

---

[1] "The five-step sequence involves determining whether (1) a claimant's work activity, if any, amounts to substantial gainful activity; (2) his impairments, alone or combined, are medically severe; (3) his severe impairments meet or medically equal a listed impairment; (4) his residual functional capacity precludes his past relevant work; and (5) his residual functional capacity permits an adjustment to any other work. The evaluation process ends if a determination of disabled or not disabled can be made at any step." *Kemp ex rel. Kemp v. Colvin*, 743 F.3d 630, 632 n.1 (8th Cir. 2014); *see* 20 C.F.R. § 404.1520(a)–(g). Through Step Four of the analysis the claimant bears the burden of showing that he is disabled. After the analysis reaches Step Five, the burden shifts to the Commissioner to show that there are other jobs in the economy that the claimant can perform. *King v. Astrue*, 564 F.3d 978, 979 n.2 (8th Cir. 2009).

medically determinable impairment that has lasted or can be expected to last for a continuous period of at least twelve months. 42 U.S.C. § 423(d)(1)(A).

Plaintiff argues the ALJ erred because: (1) the ALJ improperly weighed the opinion of Frances Anderson, Psy.D., a consultative psychologist, in creating Plaintiff's RFC. After reviewing the record and the applicable law, the Court finds this argument is without merit.

**I.      The ALJ did not err in evaluating Dr. Anderson's opinion.**

Plaintiff argues that the ALJ erred by not explaining why she rejected portions of Dr. Anderson's opinion in developing Plaintiff's RFC. An RFC is the most a claimant can do despite the combined effect of all credible limitations. *See* 20 C.F.R. § 404.1545(a)(1). It is the ALJ's responsibility to resolve inconsistencies and make a RFC finding based on all the relevant evidence, including medical records, observation of treating physicians and others, and Plaintiff's own testimony. *See* 20 C.F.R. §§ 416.945 and 416.946. With respect to medical opinion evidence, the determination of a claimant's RFC at the administrative hearing level is the responsibility of an ALJ, and is distinct from a medical source's opinion. *See Kamman v. Colvin*, 721 F.3d 945, 950 (8th Cir. 2013).

Following her examination, Dr. Anderson concluded that it "would appear [Plaintiff] would likely have some difficulty understanding and remembering simple instructions without difficulty." R. at 534. She also stated that Plaintiff's "ability to sustain concentration, pace and persistence would appear to be questionable at this time, for simple tasks." R. at 534. Dr. Anderson further wrote that Plaintiff's "ability to socially interact would appear adequate, though he would likely do better with limited public contact." R. at 534.

The ALJ gave partial weight to Dr. Anderson's opinion. R. at 30. The ALJ agreed that Plaintiff should have no contact with the public and limited Plaintiff to a setting where tasks were

completed relatively independently and where social interaction was not a primary job requirement. R. at 22. The ALJ also restricted Plaintiff to occasional contact with co-workers and supervisors. R. at 22. However, the ALJ disagreed with other portions of Dr. Anderson's opinion. The ALJ found that Plaintiff could understand, remember, and carry out simple instructions, consistent with unskilled work. R. at 22, 534.

Plaintiff argues that the ALJ failed to explain why she rejected Dr. Anderson's opinion that Plaintiff would have difficulty completing simple tasks. An ALJ need not rely entirely on a particular physician's opinion. *See Martise v. Astrue*, 641 F.3d 909, 927 (8th Cir. 2011). An ALJ is not required to refute every alleged limitation. *See McCoy v. Astrue*, 648 F.3d 605, 615 (8th Cir. 2011) ("We review the record to ensure that an ALJ does not disregard evidence or ignore potential limitations, but we do not require an ALJ to mechanically list and reject every possible limitation."). *Cf. McCadney v. Astrue*, 519 F.3d 764, 766-67 (8th Cir. 2008) (remanding where it was unclear what weight the ALJ afforded to a medical opinion and why).

The ALJ explained why she concluded that Plaintiff could perform simple work. During Dr. Anderson's examination, Plaintiff had adequate memory function, including remote memory. R. at 18-19. Plaintiff showed adequate mental control. R. at 19, 533. He displayed adequate quality of thinking and abstract-conceptual thinking, and he was generally able to comprehend questions. R. at 533. Dr. Anderson concluded that Plaintiff showed adequate functioning and average intellectual functioning. R. at 534. The ALJ found that these findings were inconsistent with Dr. Anderson's conclusion that Plaintiff would have difficulty understanding and remembering simple instructions and sustaining concentration for simple tasks. R. at 534.

The ALJ cited Plaintiff's daily activities. Plaintiff prepared meals, performed various household chores, played guitar, got his children ready for school, studied bible, played with his

4

children, exercised, did "brain games," was active in his church, and drove regularly. R. at 18, 29, 453, 533, 585, 746. *See Chismarich v. Berryhill*, 888 F.3d 978, 979 (8th Cir. 2018) (evidence that claimant performed housekeeping tasks, managed sale of family home, and negotiated with builders of new house supporting finding of not disabled); *Julin v. Colvin*, 826 F.3d 1082, 1087 (8th Cir. 2016) (finding that daily activities supported finding that claimant could complete simple tasks). Additionally, Plaintiff's wife told his doctor that Plaintiff could function normally. R. at 585. Plaintiff worked part time for an appliance repair service after his alleged onset date, and indicated that he stopped working for reasons unrelated to his impairments. R. at 235, 790.

Plaintiff claims that two other medical opinions—Chuck Hollister, Ph.D., consultative examiner, and Dale Halfaker, Ph.D., neuropsychologist—support Dr. Anderson's conclusion. However, the ALJ found that Dr. Hollister's opinion was inconsistent with the record. R. at 30-31. For example, Dr. Hollister assigned a GAF score that was significantly lower than the GAF scores assigned by other medical sources of record, which typically ranged from fifty to fifty-eight. R. at 429-32, 436, 461, 527, 534, 762, 792, 798, 798, 801, 803, 935. Additionally, Dr. Hollister's statements that Plaintiff had "serious" memory problems were inconsistent with Plaintiff's normal brain MRIs and test results documenting adequate memory and concentration. The ALJ also noted that Plaintiff had an invalid Minnesota Multiphasic Personality Inventory profile at Dr. Hollister's evaluation, which suggested over-reporting of symptoms. R. at 812. The ALJ did not err in explaining why Dr. Hollister's opinion is inconsistent with the record.

Plaintiff cites Dr. Halfaker's statements that if Plaintiff attended college, he would likely require accommodations such as extra time on assignments, a math tutor, and a note taker. R. at 526. But that prognosis is consistent with Dr. Halfaker's opinion that Plaintiff would struggle in *complex* situations. R. at 523. Indeed, Dr. Halfaker indicated that Plaintiff would perform best in

5

simple situations, and his testing supports findings that Plaintiff could understand, remember and carryout simple tasks. R. at 523.

For the reasons explained above, the ALJ presented sufficient reasons to discount portions of Dr. Anderson's opinion. *See Martise*, 641 F.3d at 927.

## Conclusion

For the reasons discussed above, the Commissioner's decision is AFFIRMED.

**IT IS SO ORDERED.**

Date:   August 27, 2018              /s/ Greg Kays
                                                        GREG KAYS, CHIEF JUDGE
                                                        UNITED STATES DISTRICT COURT